IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOSE CHARACTERS FROM CLEVELAND, LLC, ) | |
| ) | Case No. 23-cv-1923 |
| Plaintiff, ) | |
| ) | Judge Lindsay C. Jenkins |
| v. ) | |
| ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED ) | |
| LIABILITY COMPANIES, PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS IDENTIFIED ) | |
| ON SCHEDULE A HERETO, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, THOSE CHARACTERS FROM CLEVELAND, LLC (hereinafter "Plaintiff" or "CARE BEARS"), by and through its undersigned counsel, responds to the Motion to Dismiss for Failure to State a Claim ("Motion") and Supporting Memorandum filed by Defendant No. 145 "Electrician Guy" (hereinafter "Defendant") [Dkt. Nos. 76, 77] and states as follows:

**I. INTRODUCTION**

Defendant makes numerous unfounded allegations in its Motion with little to no basis in law or fact. For example, Defendant erroneously claims that service on Defendant is improper because Plaintiff did not obtain a Summons and because no proof of service exists (Defendant's Motion, pgs. 2-6), ignoring the fact that a copy of the executed summons was filed on April 27, 2023 [Dkt. No. 34] and proof of service was filed in Docket Nos. 33, 34 and 52. Defendant also asserts that service was not proper because Plaintiff did not attempt service six times and provide a translation (*Id.,* pg. 8), despite providing no legal support for such a proposition. Defendant also incorrectly claims that compliance with the Hague Convention is necessary despite multiple cited cases to the contrary. Defendant claims that this Court lacks personal jurisdiction over

Defendant, ignoring the fact that Defendant offered to ship counterfeit products in violation of the Lanham Act to an address in this Court's jurisdiction. Defendant concludes their Motion with a single conclusory sentence alleging that Plaintiff's eighteen-page complaint failed to satisfy the notice-pleading standard without providing further support.

In conclusion, Defendant's unsupported incredulous allegations fail to meet the standards under F.R.C.P 12(b) for dismissing a complaint and therefore, Defendant's Motion should be denied.

## II. PROCEDURAL SUMMARY

Plaintiff filed its complaint on March 28, 2023, against Defendant for counterfeiting and trademark infringement of its CARE BEARS Trademarks (Count I), false designation of origin (Count II), Copyright Infringement (Count III) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV). [Dkt. No. 1]. Also on March 28, 2023, Plaintiff filed Motions for an *Ex Parte* Entry of a Temporary Restraining Order ("TRO"), Temporary Asset Restraint, Service of Process by Email and/or Electronic Publication and Supporting Memorandum. [Dkt. Nos. 10, 11]. On April 3, 2023, this Court granted the above-referenced motions. [Dkt. Nos. 22, 23].

On April 26, 2023, Plaintiff filed a Motion for Entry of a Preliminary Injunction and supporting Memorandum [Dkt. Nos. 29, 30] and served the Defendants with Summons, Complaint, TRO, Motion for Entry of Preliminary Injunction and Supporting Memorandum consistent with the mode of service directed in paragraph 11 of the TRO [Dkt. No. 23]. [Dkt. No. 34]. On May 4, 2023, this Court granted Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. Nos. 36, 37].

2

On July 31, 2023, Plaintiff filed a Motion for Entry of Default and Default Judgment and Supporting Memorandum against all remaining defendants. [Dkt. Nos. 53, 54].

On August 8, 2023, counsel for Defendant No. 145 "Electrician Guy" filed an appearance and Motion for an Extension of Time to Oppose Entry of Default Judgment. [Dkt. Nos. 61, 62]. This Court granted Defendant's Motion for an Extension of Time and granted Defendant until August 21, 2023, to file an Opposition to Entry of Default. [Dkt. No. 63]. On August 14, 2023, this Court provided Defendant until September 5, 2023, to file a responsive pleading and until October 5, 2023, for Plaintiff to file a Response to any motion. [Dkt. No. 67]. On September 3, 2023, Defendant filed a Rule 5(c)(1) Motion that Service of Pleadings by Defendant on Plaintiff constitutes Notice of all Pleadings on All Parties and Supporting Memorandum [Dkt. Nos. 74, 75] and Motion to Dismiss for Failure to State a Claim, Supporting Memorandum and Affidavit. [Dkt. Nos. 76, 77, 78]. On September 5, 2023, this Court granted Defendant's Rule 5(c)(1) Motion in part and set a deadline of October 5, 2023, for Plaintiff to file its Response to Defendant's Motion to Dismiss. [Dkt. No. 79].

### III. STATUTORY AUTHORITY

Rule 12(b)(2) permits dismissal of a claim based on lack of personal jurisdiction over the Defendants. *See* Fed. R. Civ. P. 12(b)(2). The party asserting personal jurisdiction bears the burden of proof. *See Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). Because the Lanham Act does not authorize nationwide service of process, this Court may exercise jurisdiction over Defendants only if authorized both by the United States Constitution and Illinois law. *be2 LLC v. Ivanov,* 642 F.3d 555, 558 (7th Cir.2011) (citing Fed. R. Civ. P 4(k)(1)(A) and stating that the Lanham Act does not authorize nationwide service); *Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir.2010)(same). The Illinois long-arm

statute "permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States." *Id.*; 735 Ill. Comp. Stat. 5/2–209(c). Each Defendant must have purposely established minimum contacts with the forum state such that he or she "should reasonably anticipate being haled into court" there. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985). Defendants cannot avoid jurisdiction "merely because the defendant did not *physically* enter the forum State." *Id.* at 476. As noted by the Supreme Court, "a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." *Id.*

## IV. ARGUMENT

### A. Plaintiff Need Not Address Defendant's Rule 5(c)(1) Motion Because it Has Already been Addressed by the Court

Plaintiff need not address Defendant's Rule 5(c)(1) Motion regarding service of its pleadings upon the other defendants in this matter because this Court granted Defendant's Motion in part and directed Defendant to perfect service by ECF.

### B. Electronic Service of Process is Appropriate and Necessary

Electronic service of process is appropriate and necessary in this matter. This Court appropriately granted service of process by electronic means pursuant to paragraph 11 of the TRO entered on April 3, 2023, and ordered:

> "Plaintiff may provide notice of these proceedings to Defendants, including notice of any preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the Defendant Domain Names which are transferred to Plaintiff's control will redirect, or by sending an e-mail to the e-mail addresses identified in Schedule A to the Complaint and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "bmoweart and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice

via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections." [Dkt. No. 23].

Electronic service is appropriate and necessary in this case because off-shore e-commerce store operators offering for sale products using counterfeit trademarks typically do not provide e-commerce stores with their physical address information; and rely primarily on electronic communications to communicate with third party service providers and customers. *See* Exhibit A – Declaration of William Kalbac at ¶¶ 5, 6.

This case was filed against 182 defendants listed on the e-commerce platforms of Artistshot, PayPal, Inc. ("PayPal"), Amazon.com, Inc. ("Amazon"), Walmart.com, Inc. ("Walmart"), Payoneer and DHgate. *Id.*, ¶ 2. The e-commerce platforms of Artistshot, PayPal, Amazon, Walmart, Payoneer and DHgate. provided Plaintiff's counsel with the defendants' country of origin, account number, email address, sales history and frozen balance for some, but not all of the defendants in this matter. *Id.* at ¶ 3. The countries of origin provided by some, but not all of the defendants in this matter are: Pakistan, Vietnam, Kyrgyzstan, Thailand, Turkey and China. *Id.* at ¶ 3. None of the above-referenced e-commerce platforms provided Plaintiff's counsel with the mailing address for the defendants in this matter. *Id.* at ¶ 3.

Authorizing service of process solely via e-mail and electronic publication is necessary because it ensures that defendants receive prompt notice of this action. Absent the ability to serve Defendants in this manner, Plaintiff would not be able to pursue its claims against defendants. Additionally, e-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. It is necessary for merchants, such as Defendant, to visit their e-commerce store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that defendants can be

served electronically than through traditional service of process methods.

As such, since Plaintiff was not provided physical addresses by the e-commerce platforms and the defendants communicate solely with its customers through electronic means, service by electronic means was appropriate and Defendant's Motion should be denied.

### C. Plaintiff Properly Effectuated Service of Process on Defendant

Defendant's claims that Plaintiff failed to prove service of process are without merit. The defendants were properly served in this matter with Summons, Complaint, TRO, Motion for Entry of a Preliminary Injunction and supporting Memorandum on April 26, 2023. Plaintiff demonstrated proof of service on defendants, including Defendant No. 145 "Electrician Guy" by (1) filing a returned executed summons on April 27, 2023, which detailed the date the defendants were served and with which documents [Dkt. No. 34]; (2) the Proof of Service also filed on April 27, 2023, at the direct of this Court; [Dkt. No. 33] and (3) the Declaration of Service filed in conjunction with Plaintiff's Motion for Entry of Default and Default judgment on July 31, 2023. [Dkt. No. 52]. It is also commonplace for e-commerce providers, such as Walmart, the e-commerce provider that Defendant's e-commerce store is located on, with notice of the action filed against them. Plaintiff has more than adequately proved that the defendants in this matter, including Defendant No. 145 "Electrician Guy" were served with process and made aware of the proceedings against them.

Defendant attempts to further distract this Court by making unsupported allegations regarding the "Great Firewall" of China which prevents defendants from opening links attached in emails. (Defendant's Memorandum, pg. 8-9, [Dkt. No. 77]). Even if Defendant's allegations were taken to be true, which they are not, Plaintiff served Defendants by attaching copies of the Complaint, TRO, Motion for Entry of a Preliminary Injunction and Supporting Memorandum

and Summons to the email **and** by including a link to a website with the attached documents. (emphasis added). [Dkt. No. 52, ₽ 1].

Defendant also claims that service was improper because Plaintiff did not follow a procedure invented by Defendant's counsel whereby Plaintiff needs to include a Chinese-language translation and attempt service six times. (Defendant's Motion, pg. 6). Regardless of the fact that Defendant cannot demonstrate a judicially mandated requirement of translating documents into a foreign language and attempting service multiple times, there was no reason for Plaintiff to attempt such methods to effectuate service. As is demonstrated in the screenshot exhibits attached as Exhibit 3 to the Declaration of Sean Gorman [Dkt. Nos. 12-19], all of the screenshots were in English. As a result, the defendants, including Defendant No. 145 "Electrician Guy", are selling products and communicating with consumers in the U.S. in English. Given the fact that the parties were already communicating in English, Plaintiff would have no indication that a translation was needed. Defendant's attempts to create a hurdle to demonstrate that service was properly effectuated by requiring Plaintiff to attempt service six times is preposterous and unsupported.

As a result, Plaintiff has properly refuted Defendant's unsupported allegations regarding improper service by demonstrating that proof of service was provided to the Court three separate times and the Defendant received copies of the Summons, Complaint, TRO, Motion for Entry of a Preliminary Injunction and Supporting Memorandum through multiple means. As such, Defendant's Motion to Dismiss must be denied.

### D. The Summons was Properly Issued by the Clerk's Office

Defendant's allegations that Plaintiff failed to obtain a summons are baseless and without merit. A summons was properly issued pursuant to paragraph 11 of the TRO entered on

April 3, 2023, whereby this Court directed the Clerk of the Court "… to issue a single original summons in the name of "bmoweart and all other Defendants identified in the Complaint" that shall apply to all Defendants." [Dkt. No. 23, ⁋ 11]. A copy of the executed summons that was issued on April 26, 2023, and filed on April 27, 2023. [Dkt. No. 34]. F.R.C.P. governs the issuance and service of a summons which states:

> (a) CONTENTS; AMENDMENTS.
>> (1) *Contents.* A summons must:
>>> (A) name the court and the parties;
>>> (B) be directed to the defendant;
>>> (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
>>> (D) state the time within which the defendant must appear and defend;
>>> (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
>>> (F) be signed by the clerk; and
>>> (G) bear the court's seal.
>
> (b) ISSUANCE. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.
>
> (c) SERVICE.
>> (1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>> (2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
> Fed. R. Civ. Pro. 4

In the present case, Plaintiff obtained a Summons from the Clerk's office that included all of the information set forth in Rule 4(a)(1) on April 26, 2023, and promptly served each individual defendant, including Defendant No. 145 "Electrician Guy", that same day with copies of the Complaint, TRO, Motion for Entry of a Preliminary Injunction and Supporting Memorandum and Summons. documents [Dkt. Nos. 33, 34, 52].

8

Furthermore, Plaintiff obtained the summons by order of the Court and since Defendant fails to demonstrate that it was improperly issued, Defendant's Motion should be denied.

### E. Defendant Was Properly Served Pursuant to Rule Fed. R. 4(f)(3).

####      i. Attempting Service Through the Hague Convention Is Not Mandatory.

Rule 4(f) of the F.R.C.P. governs international service of process on foreign individuals. "The Hague Convention does not displace Fed. R. 4(f)(3)." *Gianni Versace, S.P.A. v. Yong Peng, at al.,* No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019); *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d at 498. Rule 4(f) does not require that a party attempt service of process through the Hague Convention as prescribed in Rule 4(f)(1) before petitioning the Court for alternative relief under Rule 4(f)(3). *Gianni Versace,* No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019); *Rio Props Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002). Service under F.R.C.P. 4(f)(3) "must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *FTC v. Repair All PC, LLC*, 2017 U.S. Dist. LEXIS 83173, at *8 (N.D. Ohio May 31, 2017). Rule 4(f)(3) empowers the Court with flexibility and discretion to fit the manner of service utilized to the facts and circumstances of the particular case. *Id.* Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3), and the Hague Convention does not displace Rule 4(f)(3). *See Nagravision SA*, 882 F.3d 494, 498 (5th Cir. 2018) (defendant's argument "misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."); *Rio Props., Inc.*, 284 F.3d 1007, 1014-1015. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Rio Props., Inc.*, 284 F.3d at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be

prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* The task of determining whether a given case requires alternative service of process "is placed squarely within the sound discretion of the district court." *FTC v. Repair All PC, LLC,* 2017 U.S. Dist. LEXIS 83173, at *9. Neither F.R. C.P. 4 nor any other rule requires that a party first attempt service through the Hague Convention and it is not reasonable for Plaintiff to wait months or years for its trademark infringement claims to be addressed while the Chinese Central Authority serves documents on the physical addresses of Defendants, a process that takes 1-2 years.

Further, the Hague Convention does not apply when the identity and address of a defendant is unknown. The court in *Luxottica Group S.p.A.* imposed a due diligence requirement on a party seeking alternative service but was unclear as to what lengths a party must go to show that a defendant's identity and/or address is unknown, as well as the timing of this due diligence requirement. *Luxottica*, 391 F. Supp. 3d at 822-24.

Numerous Courts have authorized alternative service pursuant to Fed. R. Civ. P. 4(f)(3) even when the defendant resides in a country that is a signatory to the Hague Convention. *See Id.* at *40-41*; see also MCM Holding AG, et al. v. Dequn Zhao, et al.*, No. 18-cv-1677 (N.D. Ill. Aug. 14, 2018); *Nagravision SA*, 882 F.3d at 498; *Sulzer Mixpac AG*, 312 F.R.D. at 331-32 (same); *In re LDK Solar Secs. Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same).

ii. <u>Service via Email Is Not Prohibited by The Hague Convention</u>

Courts have agreed that service by email is not prohibited by the Hague Convention. *Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 U.S. Dist. LEXIS 97241, at *5 (N.D. Ill. Dec. 1, 2008) ("[t]he Hague Convention does not prohibit service by e-mail or facsimile");

Accordingly, service of process by email was appropriately ordered by this Court and can be effectuated under F.R.C.P. 4(f)(3). Such service is not prohibited by the Hague Convention.

iii. <u>Service via Email Comports with Constitutional Notions of Due Process.</u>

This Court also correctly found that service via email comports with constitutional notions of due process, because it was reasonably calculated, under all of the circumstances, to apprise Defendant of the pendency of this action and afford Defendant an opportunity to present objections. *See Maclean-Fogg Co.*, 2008 U.S. Dist. LEXIS 97241, at *5. Courts have also held that communications to email addresses listed on a defendant's website comport with due process: "[w]hile email communications may also go astray or fail to come to the relevant individuals' attention, the Court finds that in this case, service to the email address listed on defendant's website is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Sulzer Mixpac AG*, 312 F.R.D. at 332.

iv. <u>Alternatively, Jurisdiction is Proper under Fed. R. Civ. P. 4(k)(2)</u>

Since Defendant intentionally and knowingly offered for sale, sold and shipped products to United States residents, personal jurisdiction is also proper under Rule 4(k)(2). *See Plixer Int'l v. Scrutinizer GmbH*, 905 F.3d 1, 5 (1st Cir. 2018). Fed. R. Civ. P. 4(k)(2) provides nationwide service of process over any defendant provided that: (1) the plaintiff's claims are based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction is consistent with the laws of the United States; and (4) the exercise of jurisdiction is

consistent with the Constitution. *Cent. States, Southeast and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). Without the benefit of an evidentiary hearing, Plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *See Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

### F. Northern District of Illinois is an Appropriate Venue to Hear this Matter

Defendant's claims that the Northern District of Illinois is the wrong venue are unfounded and in opposition to 28 U.S.C. § 1391 which establishes venue. 28 U.S.C. § 1391(b) states:

> **(b) VENUE IN GENERAL.**—A civil action may be brought in—
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)

Plaintiff satisfies the second prong of Section 1391(b) because Defendant agreed to ship a counterfeit Care Bears plush bear to 1001 Foster Avenue, in Bensenville, Illinois 60106, which is located in this district. Defendant's actions infringe Plaintiff's federally registered trademarks and copyrights in violation of the Lanham Act.

Plaintiff also satisfies the third prong of Section 1391(b) because this court has personal jurisdiction over Defendant since Defendant directly targets consumers in the United States, committed tortious acts in Illinois, engaged in interstate commerce by accepting payment in U.S.

12

dollars and providing an assurance of an arrival date, and wrongfully causing Plaintiff substantial injury in the State of Illinois.

As a result, Defendant's unfounded claims that this Court lacks jurisdiction fail and Defendant's Motion should be denied.

### G. Plaintiff has a Valid Claim for Illinois Uniform Deceptive Trade Practices Act

Defendant's allegation that Count IV of Plaintiff's Complaint regarding its Illinois Uniform Deceptive Trade Practices Act (IUDTPA) is deficient and suffers from the same issues as Defendant's claim regarding venue.

In Illinois, courts resolve unfair competition and deceptive trade practice claims "according to the principles set forth under the Lanham Act." *Spex, Inc. v. Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D. Ill. 1994). Illinois courts look to federal case law and apply the same analysis to state infringement claims. *Id.* at 579 (citation omitted). The determination as to whether there is a likelihood of confusion is similar under both the Lanham Act and the Illinois Uniform Deceptive Trade Practices Act. *Am. Broad. Co. v. Maljack Prods., Inc.*, 34 F. Supp. 2d 665, 681 (N.D. Ill. 1998).

Defendant is selling a counterfeit Care Bear plush bear in violation of Plaintiff's trademarks and copyrights. *See* Exhibit B – Evidence of Infringement. Defendant is not authorized to use the CARE BEARS Trademarks and Copyrights for any reason. *See* Exhibit C – Declaration of Sean Gorman. When reviewing Defendant's counterfeit Care Bear in view of Plaintiff's Trademarks and Copyrights, it is evident that consumers could easily be confused in regard to the origin or sponsorship of Defendant's products.

As a result, since the standard is the same under Illinois law, Plaintiff has established a valid claim for violation of the Illinois Uniform Deceptive Trade Practices Act and Defendant's Motion should be denied.

### H. Walmart's Listing Guidance is Not Controlling Authority

Defendant erroneously claims that Plaintiff's Complaint should be dismissed because Plaintiff did not follow the trademark infringement programs maintained by Amazon and Walmart. (Defendant's Motion, pg. 14). Defendant's e-commerce store is listed on the Walmart.com platform and not on the Amazon's platform. Regardless, Defendant cites no controlling authority, nor is there any controlling authority, that requires Plaintiff to bypass the available legal remedies at its disposal to seek redress for Defendant's trademark and copyright infringement of Plaintiff's intellectual property. Walmart's efforts to assist sellers avoid trademark infringement is not controlling authority for this or any other Court. Regardless of Walmart's policies or guidance, it is ultimately the responsibility of each seller to avoid infringing the intellectual property rights of others on its website.

### I. Plaintiff has Sufficiently Provided a Short and Plaint Statement of its Claims

Plaintiff has sufficiently plead its allegations against Defendant in its Complaint. In Defendant's Motion, Defendant erroneously claims that Plaintiff "failed to provide a 'shorthand plain statement of the claim showing that the pleader is entitled to relief.'" (Defendant's Motion, pg. 16). Defendant fails to set forth any additional facts to support their conclusionary statement. Defendant's allegations are false and Plaintiff's Complaint provides more than sufficient notice of Plaintiff's claims, putting Defendant on fair notice of the grounds on which those claims rest. *See, e.g.,* Dkt. No. 1, ¶¶ 30-36 (Count I, Trademark Infringement and Counterfeiting); *Id.* ¶¶ 37–41 (Count II, False Designation of Origin), *Id.* ¶¶ 42–52 (Count III, Copyright Infringement)*Id.* ¶¶

53-56 (Count IV, Violation of Illinois Uniform Deceptive Trade Practices Act ("IUDTPA")) and *Id.* ¶¶ 18-29, which describe Defendant's unlawful conduct.

The details of the Complaint, which include detailed descriptions and attaches the infringed Trademark and Copyright Registrations, demonstrate that Defendant infringes Plaintiff's marks. Defendant fails to point to any specific defects in Plaintiff's Complaint, but rather only makes a conclusory statement that "Defendant has no case to Answer." (Defendant's Motion, pg. 16 [Dkt. No. 77].

Defendant is confused about what is required under federal notice pleading -- that a complaint is required to contain a "(1) short and plain statement of the grounds for the court's jurisdiction … ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Plaintiff has satisfied all of the elements of F.R.C.P. 8(a); and therefore, Defendant's Motion should be denied.

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests this Court to deny Defendant's Motion to Dismiss and to grant any relief this court deems necessary.

Respectfully submitted,

Dated: October 5, 2023

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com
wkalbac@hsplegal.com

                Attorneys for Plaintiff
                THOSE CHARACTERS FROM
                CLEVELAND, LLC

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies on October 5, 2023, that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

/s/ *Michael A. Hierl*